22-391-cv
Amica Mutual Insurance Company v. BMW of North America, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-three.

PRESENT:

**PIERRE N. LEVAL,**
**DENNY CHIN,**
**MYRNA PÉREZ,**
*Circuit Judges.*

---

Amica Mutual Insurance Company, as subrogor of Paul Laukaitis and Amy Laukaitis,

*Plaintiff-Appellee*,

v.                                                                    **No. 22-391-cv**

BMW of North America, LLC,

*Defendant-Appellant.*[1]

---

**FOR PLAINTIFF-APPELLEE:**          JOHN A. DONOVAN III, Sloane & Walsh, LLP, Boston, MA (Nelson E. Canter, McLaughlin & Stern, LLP, New York, NY, *on the brief*).

**FOR DEFENDANT-APPELLANT:**          JOSEPH KIM (Philip Semprevivo, *on the brief*), Biedermann Hoenig Semprevivo PC, New York, NY.

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment and an order of the United States District Court for the Western District of New York (David G. Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the final judgment of the district court entered on September 29, 2021, subsequently amended on October 14, 2021, and the order of the district court denying BMW of North America, LLC's renewed motion for judgment as a matter of law entered on January 28, 2022 are **AFFIRMED**.

At trial, Plaintiff-Appellee Amica Mutual Insurance Company ("Amica") prevailed on its product liability claims after the jury found for Amica on the single question the parties stipulated to submit to the jury: whether the "cause and origin of the fire was in the right front passenger side of the BMW vehicle."[2]  Joint App'x at 3132.  On appeal, Defendant-Appellant BMW of North America, LLC ("BMW") contends that: (1) Amica failed to adduce sufficient evidence to rule out BMW's proffered alternative cause of the fire; and, as a result, (2) Amica was required to, and did not, adduce direct evidence of a specific manufacturing defect in the vehicle.  We affirm the final judgment of the district court and the order of the district court denying BMW's renewed motion for judgment as a matter of law.  BMW stipulated that a jury finding that the "cause and origin of the fire was in the right front passenger side of the BMW vehicle" would, alone, result in entry of judgment in Amica's favor.  It cannot now seek reversal on the grounds that Amica failed to adequately prove a fact that BMW stipulated out of the case.  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

---

[2] We will refer to the parties' agreement as the "Stipulation" and its agreed-upon jury question as the "Stipulated Jury Question."

## I. Background

On April 11, 2015, a fire occurred at the residence of Paul and Amy Laukaitis. The Laukaitises filed a claim against their homeowners' insurance policy with Amica, which subsequently pursued claims as the Laukaitises' subrogee against BMW and WHAC LLC d/b/a BMW of Rochester ("BMW of Rochester"). Amica alleged that the Laukaitises' 2011 BMW X3, which had been left in the Laukaitises' garage for approximately 70 hours, was the cause and origin of the fire. Amica asserted BMW's liability on three separate grounds: negligent manufacture, breach of implied warranty, and negligent failure to warn.[3]

On the first day of the trial, the parties entered into the Stipulation and agreed that BMW's liability on all three claims would be determined by the jury's resolution of the Stipulated Jury Question as to where the fire began. Joint App'x at 15, 27, 3132. They agreed that this question "cover[ed] all the substantive charges." *Id.* at 27. When the district court asked whether the parties "anticipate the jury making a finding as to whether there's a manufacturing defect," Amica's counsel replied "[n]o, I think it's all subsumed within that question, your Honor," and BMW's counsel did not disagree. *Id.* at 29.

From that point on, the parties' words and conduct, as well as the trial they put on, were consistent with their agreement that BMW's liability hinged on the resolution of the Stipulated Jury Question and not on whether Amica had proven a specific manufacturing defect. Amica offered proof that the fire originated and spontaneously ignited at the front passenger side of the vehicle in the garage, while BMW offered proof that, instead, the fire originated in the adjacent kitchen, possibly by arson.

---

[3] On March 20, 2020, the district court partially granted BMW's and BMW of Rochester's motion for summary judgment, dismissing Amica's other claims for design defect and breach of express warranty. At trial, BMW of Rochester was voluntarily dismissed by agreement of the parties, with the agreement among them that, if the jury rendered a verdict in favor of Amica, BMW would accept liability.

And in colloquy with the district court, the parties repeatedly affirmed the purpose and effect of the Stipulation. In the middle of the trial, the district court asked the parties to confirm "that's the only answer . . . you want the jury to submit" and that "[t]here will be nothing on damage and nothing on the causes of action, the manufacturing defect, and so forth." *Id.* at 704. Amica's counsel agreed and BMW's counsel requested the weekend to think about whether jury instructions regarding Amica's causes of action and their elements were necessary. BMW's counsel made no subsequent request.

Towards the end of the trial, the district court summarized, "as the case has been framed here, based on the verdict sheet that I passed out and you have approved, . . . it looks like this case is being presented to the jury under [Federal] Rule [of Civil Procedure] 49 as a special verdict, that there is one issue of fact that you wish the jury to answer." *Id.* at 853. No party disagreed. BMW's counsel sought confirmation that the district court would be issuing the "standard charges" regarding things like "sympathy" and "interested witness[es]." *Id.* The district court confirmed it "certainly will talk about credibility and experts," but again sought the parties' clarification on whether it would be necessary to instruct the jury on "manufacturing defect, failure to warn" and various elements of claims. *Id.* at 853–54. Once more, BMW's counsel did not make any such request. When Amica's counsel inquired whether the district court would incorporate instructions regarding "the idea that . . . if the vehicle didn't perform as intended and all other causes have been excluded, then there is a defect [as well] as a failure to warn," the district court replied that it did not intend to, because "you're not asking me to instruct them on defect and so forth. It's just you want them to answer one question: Did the fire originate in the right front part of the vehicle[?]" *Id.* at 856. BMW's counsel confirmed the district court's understanding that no such instruction should be given and Amica's counsel stated, "we're all set." *Id.*

4

After the close of evidence, the district court explained that, having "received no other requests to charge," it "will not be discussing the elements of the three causes of action." *Id.* at 969. No party objected. Amica's counsel requested an instruction that "Amica is not required to prove a specific defect with respect to the vehicle" and "circumstantial evidence is sufficient for Amica to prevail," but BMW's counsel objected to such an inclusion because "that takes away from the whole . . . nature of the stipulation that we've brought—we took out all our defenses and everything on the causes of action and summed it up: Did this happen in the car, and that's what we're trying to do with this stipulation." *Id.* at 972. The district court denied Amica's request, siding with BMW.

On the last day of the trial, after the close of evidence, BMW moved for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a), which the district court denied. Then, the jury found in Amica's favor on the Stipulated Jury Question. Accordingly, the district court entered judgment in Amica's favor in an amount stipulated by the parties. BMW subsequently renewed its motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), which the district court denied.

**II.     Standard of Review**

We review de novo a denial of a motion for judgment as a matter of law under Rule 50, "apply[ing] the same standard that is required of the district court." *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007). We must "consider the evidence in the light most favorable to the party against whom the motion was made and . . . give that party the benefit of all reasonable inferences that the jury might have drawn in [its] favor from the evidence." *Black v. Finantra Cap., Inc.*, 418 F.3d 203, 208–09 (2d Cir. 2005) (internal quotation marks omitted). "The movant, generally, must be able to show a complete absence of evidence supporting the verdict such that

5

the jury's findings could only have been the result of sheer surmise and conjecture." *Conte v. Emmons*, 895 F.3d 168, 171 (2d Cir. 2018) (internal quotation marks and alterations omitted). The movant's burden is "particularly heavy" where "the jury has deliberated in the case and actually returned its verdict." *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005).

**III.    Discussion**

BMW cannot now seek to reverse judgment on the basis that Amica failed to adequately prove a specific manufacturing defect in the vehicle, an issue that BMW stipulated out of the case. As the district court correctly explained, "BMW got precisely what it requested by stipulating to this special verdict form, and by agreeing that if the jury answered the question in the affirmative, the verdict would be in favor of the plaintiff on all three causes of action. It cannot be heard now to object to that procedure." *Amica Mut. Ins. Co. v. WHAC LLC*, 582 F. Supp. 3d 73, 76–77 (W.D.N.Y. 2022).

Contrary to BMW's arguments, the Stipulation at issue here "is of the type that courts ordinarily enforce, and it does not . . . require the district court to apply an improper standard of law." *Sinicropi v. Milone*, 915 F.2d 66, 68 (2d Cir. 1990). Thus, we find that the district court did not err by enforcing the Stipulation that BMW advocated for and to which it agreed.

"Courts generally enforce stipulations that narrow the issues in a case." *Id*. Thus, a party is free, as a matter of trial strategy or in the interests of saving time and money expended over matters that are not in dispute, to relieve its adversary of the obligation to prove elements of the adversary's claims. BMW found it expedient to agree and to stipulate that, if the jury found that the fire originated in the front passenger side of the car, that Amica had satisfied its burdens of proving the elements of its claims. Although the district court gave preliminary instructions to the jury before the trial began on the elements of Amica's claims, BMW had, by the end of trial,

successfully advocated for and stipulated to the omission of jury instructions on specific manufacturing defects and other elements of Amica's three claims.[4] And BMW repeatedly confirmed that it had so stipulated. *See, e.g.*, Joint App'x at 15, 27 (agreeing that the Stipulated Jury Question would "cover[] all substantive charges"); *id.* at 29 (voicing no disagreement when the district court asked whether the parties "anticipate the jury making a finding as to whether there's a manufacturing defect" and Amica's counsel replied, "[n]o, I think it's all subsumed within that question"); *id.* at 972 (summarizing the purpose and effect of the Stipulation as "t[aking] out all our defenses and everything on the causes of action and summ[ing] it up: Did this happen in the car[?]").[5] Thus, there is nothing in the record indicating that BMW did not knowingly and voluntarily enter into the Stipulation.

As for the substance of the Stipulation, even on appeal, BMW stated that it "agrees with the District Court that 'the factual or legal conclusions and the implicit chain of syllogistic reasoning upon which' the [Stipulation is] grounded are sound." Appellant Br. at 38 (quoting *Amica*, 582 F. Supp. 3d at 77). Moreover, by the plain language of Rule 50, BMW could obtain judgment as a matter of law only as to "issue[s]" upon which Amica "ha[d] been fully heard" and as to which "a reasonable jury would not have a legally sufficient evidentiary basis to find for" Amica. Fed. R. Civ. P. 50(a). Rule 50 applies "as soon as it is apparent that either party is unable to carry a burden of proof that is essential to that party's case." Fed R. Civ. P. 50(a) advisory committee's note to 1991 amendment. Therefore, in this case, it cannot be said that proof of a

---

[4] During the trial, BMW repeatedly acknowledged that the Stipulation had obviated any continuing applicability of those instructions and agreed they should not be given as part of the final jury charge, which would instead focus narrowly on the Stipulated Jury Question.

[5] Moreover, because BMW "fail[ed] to object to jury instructions or to the substance of special verdict questions to be put to the jury," it "has no right to object to those matters on appeal." *Simms v. Village of Albion*, 115 F.3d 1098, 1109 (2d Cir. 1997); *see also McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1311 (2d Cir. 1993) ("Rule 49(a) provides that, before the jury retires, a party must demand that the special verdict form include any issue that the court omits, or else that party waives the right to a jury trial of that issue.").

specific manufacturing defect was "essential" where all parties agreed that a jury finding that the "cause and origin of the fire was in the right front passenger side of the BMW vehicle," alone, would result in a complete verdict in Amica's favor.  Joint App'x at 3130–31.

Thus, for the foregoing reasons, we find that the parties' Stipulation properly narrowed the issues before the jury without changing the substantive law of Amica's claims, and obviated any requirement that Amica adduce direct evidence of a specific manufacturing defect in the vehicle.[6]

We have considered BMW's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the final judgment of the district court and the order of the district court denying BMW's renewed motion for judgment as a matter of law.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] In the alternative, we also agree with the district court, on the merits, that (1) there was sufficient "evidence by which a reasonable juror could have concluded that the subject fire began in the front passenger side of the vehicle, and did not originate in any other location or by any other cause," *Amica*, 582 F. Supp. 3d at 79; and (2) accordingly, Amica "was never required to identify or prove which precise component or piece of wire in the vehicle caused the fire," *id.* at 79 n.3.

Under *Speller v. Sears, Roebuck & Co.*, a plaintiff may proceed on a circumstantial theory that the product was defective even after a defendant adduces evidence of a possible alternative cause, so long as it "raised a triable question of fact by offering competent evidence which, if credited by the jury, was sufficient to rebut defendants' alternative cause evidence."  100 N.Y.2d 38, 43 (2003); *see also id.* ("In other words, based on plaintiffs' proof, a reasonable jury could conclude that plaintiffs excluded all other causes of the fire."). At trial, Amica offered competent evidence, in the form of lay and expert testimony, sufficient to rebut BMW's alternative cause that the fire originated in the kitchen, obviating the need for Amica to prove a specific defect. *See id.*  To the extent BMW's experts offered different interpretations of evidence, as the district court explained, the trial "was a classic battle of experts" and we must "defer to the jury's assessment of credibility."  *Amica*, 582 F. Supp. 3d at 78–79 (alteration omitted) (quoting *Free v. Baker*, 469 F. App'x 786, 794 (11th Cir. 2012) and *Howes v. Great Lakes Press Corp.*, 679 F.2d 1023, 1031 (2d Cir. 1982)).

8